```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                         TERRE HAUTE DIVISION
```

DEQUINCY LOPEZ,                         )
                                        )
                    Petitioner,         )
                                        )
            vs.                         )   No. 2:15-cv-00180-WTL-MJD
                                        )
SUPERINTENDENT, PENDLETON               )
CORRECTIONAL FACILITY,                  )
                                        )
                    Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Dequincy Lopez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 15-01-0511. For the reasons explained in this Entry, Lopez's habeas petition must be **denied**.

## Discussion

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 18, 2015, Correctional Officer Stephens issued a Report of Conduct charging Lopez with attempting to traffic in violation of Code A-111/113. The Report of Conduct states:

> I, Correctional Officer Stephens #327 assigned to 11 south was doing my security checks. Offender Dequincy Lopez Doc #983935 informed me that there is something he dropped off in the mop closet. I, Officer Stephens found a folded piece of paper wrapped in plastic. When I, Officer Stephens opened it, the content was a 14 digit number and a $500.00 amount. Offender Lopez will be receiving a disciplinary action for trafficking code 113. I, Officer Stephens verified offender Lopez by the count office.

Lopez was notified of the charge on January 26, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Lopez wanted two witnesses and that he requested the video for evidence. The first witness, Correctional Officer Willet, stated:

> I did not witness the offender give anything to ofc Stephens however, I did hear the offender say "I've got a shank in the mop closet I can give you." The offender also said "I have 3 credit cards with $500 each on them.["] a Phone conversation taken on 1-29- 15@1220.

The second witness was Offender Upshaw, who stated, "Mr. Lopez is a good man as dorm mentor and in life, helping others in any way he can and as a po[sit]ive influence to us young men to better ourselves for the better of ourselves and our community!"

The Hearing Officer conducted a disciplinary hearing on January 29, 2015 The Hearing Officer noted Lopez's statement:

> I'm the dorm mentor in there got up and washed my face and brushed my teeth. Then I went to the mop closet and got a broom. I sweep my bed and then took the broom back. Saw a shank sticking out, I went and told Miss Stephens about it. Later on she brought a visiting pass to another guy and then she said I got the knife but what is this. I told her I don't know what you are talking about. Felt like she was setting me out.

The Hearing Officer determined that Lopez had violated Code A-111/113 based on staff reports, the statement of the offender, evidence from witnesses, and the video. The sanctions imposed included a written reprimand, 30 days of J Pay restriction, 180 days of disciplinary segregation, the deprivation of 180 days of earned credit time, and the demotion from credit class I to credit class II (suspended). The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation had disrupted or endangered the security of the facility.

Lopez's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Lopez challenges the disciplinary action arguing that: (1) he was denied requested evidence; (2) the evidence against him was insufficient; and (3) the conduct report was not filled out properly.

1. *Requested Evidence*

Lopez first argues that he was denied requested evidence. Lopez asserts that he asked for the video of the incident at issue, a handwriting sample to compare to the handwriting on the green dot,[1] a determination if the green dot number was valid, and a determination of whether Officer Stevens logged the shank in the log book at the same time the green dot was logged.

A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that

---

[1] The number on the slip of paper referred to in the Conduct Report is referred to as a "green dot" number. Green dot, an anonymous debit card service, allows anonymous financial transactions.

are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

Lopez has not shown that he was improperly denied the evidence at issue. First, the report of the disciplinary hearing reveals that the hearing officer did review the video. The report states: "video does show offender at mop closet with the c/o. Offender steps out with broom then back in. Looks like he says something to the c/o. He walks away and the c/o enters mop closet."

Next, the screening report does not reflect that Lopez requested a handwriting analysis. Further, even if he did, he was not entitled to this evidence. *See Sission v. Zatecky*, 2015 WL 576553, at *3 (S.D. Ind. Feb. 10, 2015). An inmate is not entitled to the creation of favorable evidence in a disciplinary proceeding. *See Jemison v. Knight,* 244 Fed. App'x. 39, *2 (7th Cir. July 20, 2007) (inmate was not entitled to require IDOC to conduct testing in connection with prison disciplinary hearing); *Outlaw v. Wilson,* 2007 WL 1295815, at *2 (N.D. Ind. Apr. 30, 2007) (inmate had no right to creation of favorable evidence in the form of handwriting analysis or lie detector test); *Fisher v. Superintendent*, 2013 WL 214230, at *3 (N.D. Ind. Jan. 17, 2013); *Cherrone v. Superintendent*, 2012 WL 5878676, at *4 (N.D. Ind. Nov. 21, 2012).

In addition, there is also no indication on the Screening Report that Lopez requested a determination if the green dot number was valid and a determination of whether Officer Stevens logged the shank in the log book at the same time the green dot was logged. Further, even if he did request this evidence, Lopez has not shown that it would have been exculpatory. Whether or not the green dot number was valid is not relevant to whether Lopez was attempting to use that number to traffic. Similarly, whether Officer Stevens logged the shank at the same time is also irrelevant

to whether she located both items in the mop closet after Lopez had been in there. For these reasons, the Court finds that Lopez was not unconstitutionally denied evidence.

### 2. *Sufficiency of the Evidence*

Lopez also challenges the sufficiency of the evidence against him. He argues that the hearing officer did not investigate the real reason Officer Stephens went to the mop closet, which was not for a green dot number, but to retrieve a shank that Lopez had informed her was in the mop. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, there was sufficient evidence to support the guilty verdict. The conduct report demonstrates that Officer Stevens entered the closet after Lopez directed her to it and she found the paper with a 14-digit number and $500 written on it. The hearing officer's review of the video supports this report. The reason that Officer Stevens entered the closet is irrelevant to the determination of what she found there.

### 3. *Conduct Report*

Lopez also challenges the sufficiency of the conduct report. Lopez argues that Officer Stevens never stated in the conduct report that Lopez told her that there was a shank in the mop closet. Due process requires that a prisoner accused of wrongdoing have "the right to notice of the charges against him 'in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.'" *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995) (quoting *Wolff,* 418 U.S. at 564). Because the Report of Conduct charges Lopez with attempted trafficking, states the date, time, and place of the offense, and states the facts of the offense, it was sufficient to satisfy the requirements of due process. Any deficiency in the conduct report that may amount to a violation of Department of Correction Policy is insufficient to show that Lopez's due process rights were violated. *See Hester v. McBride,* 966 F. Supp. 765, 774-75 (N.D. Ind. 1997).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Lopez to the relief he seeks. Accordingly, Lopez's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/3/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEQUINCY  LOPEZ
983935
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel